

1997 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-31-1997

# Death Row Prisoners v. Ridge

Precedential or Non-Precedential:

Docket 96-1991

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1997

Recommended Citation

"Death Row Prisoners v. Ridge" (1997). *1997 Decisions.* Paper 26.
http://digitalcommons.law.villanova.edu/thirdcircuit_1997/26

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 1997 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NO: 96-1991

DEATH ROW PRISONERS OF PENNSYLVANIA, INCLUDING,
MICHAEL RAINEY; JAMES SMITH; TYRONE MOORE;
GEORGE EDWARDS; SCOTT BLYSTONE; ROLAND STEELE,
FOR THEMSELVES AND ALL OTHER PENNSYLVANIA DEATH
ROW PRISONERS WHO ARE SIMILARLY SITUATED

v.

THOMAS RIDGE, GOVERNOR OF THE COMMONWEALTH OF PENNSYLVANIA;
THOMAS CORBETT, ATTORNEY GENERAL OF THE
COMMONWEALTH OF PENNSYLVANIA; ROBERT N.C. NIX, JR.,
CHIEF JUSTICE OF THE PENNSYLVANIA SUPREME COURT;
MARTIN HORN, COMMISSIONER OF THE
PENNSYLVANIA DEPARTMENT OF CORRECTIONS;
NANCY M. SOBOLEVITCH, COURT ADMINISTRATOR OF
PENNSYLVANIA AND OTHER EMPLOYEES AND
OFFICERS OF THE COMMONWEALTH OF PENNSYLVANIA WHOSE
IDENTITIES ARE PRESENTLY NOT KNOWN

Thomas Ridge, Governor of the Commonwealth of Pennsylvania
and Martin Horn, Secretary of the Pennsylvania
Department of Corrections, Appellants

PRESENT: BECKER and ROTH, <u>Circuit Judges</u> and
BARRY, <u>District Judge</u>[*]

ORDER

1.  This case was called for oral argument before the Court
on January 31, 1997;

---

[*]The Honorable Maryanne Trump Barry, United States District
Court for the District of New Jersey, sitting by designation.

2. The Court had previously opened the matter by letter to counsel dated January 27, 1997, a copy of which is attached hereto, in which was recited _inter_ _alia_ the following:

As you are all aware, plaintiffs in the above case complain that they have been deprived of various constitutional and statutory rights by reason of Pennsylvania's failure to declare whether it qualifies as an opt-in state for purposes of the AEDPA statute of limitations. While the procedural question presented by the briefs on appeal primarily involves the application of Eleventh Amendment immunity to the plaintiffs' claim, that matter pales by comparison with the imperative of resolving the underlying issue, which is of enormous importance to the administration of justice in the federal courts in Pennsylvania. More specifically, it is clear that the numerous and growing cadre of death row inmates in Pennsylvania is entitled to a very prompt answer to the question whether a 6 or 12 month limitation period within which to file a habeas petition governed by AEDPA applies.

This Court is, of course, prepared to address and resolve the complicated Eleventh Amendment (and related) questions before it. However, the panel can see no reason why resolution of the critical opt-in question should be delayed by the time it will take to do so, or, for that matter, by the time it would take for the

district court to resolve it upon possible remand. Simply stated (and to focus on one critical criterion), Pennsylvania either has or it does not have at the present time a rule of court or statute providing standards of competency for the appointment of counsel in death penalty cases.

Needless to say, if the matter cannot be resolved through an appropriate declaration, the panel will proceed with oral argument on the procedural issue presented by the appeal.  It intimates no view on the merits.  It writes only in an attempt to cut through a time consuming and possibly expensive litigation, and in the hopes of informing all interested parties without undue delay of the time within which habeas petitions must be filed.  While that issue can certainly be adjudicated, it may take many months, which seems highly undesirable if it can be avoided.

3.  The Court first addressed counsel for the plaintiff class, who in response to the Court's inquiry, stated that the sole intent of the plaintiff class and of its counsel is in obtaining a prompt declaration as to whether Pennsylvania meets the criteria of § 2261 of the Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C. § 2261,(AEDPA), and not in obtaining counsel fees.  Counsel further stated that all counsel eligible for fees waive any such claims;

4.  The Court therefore declared that it views the pending lawsuit as being solely a vehicle for resolution of that (§ 2261)issue and not as importing or implying misconduct or violation of civil rights by any named defendant or official of Pennsylvania;

5.  The Court also declared that, construing § 2261 of AEDPA, it views the determination as to whether Pennsylvania meets the criteria of § 2261 as one to be made by state-wide authority, not admitting of county- by county- or case-by-case

determination;

6.  The Commonwealth thereupon declared that Pennsylvania does not meet the requirements of § 2261 as of January 31, 1997, and that it has not met them previously;

7.  After independent review, the Court declares that it accepts the respective declarations of counsel as valid and binding, and adopts them;

8.  This appeal and the underlying action in the district court is deemed resolved and terminated;

9.  The Clerk is directed to publish this order in the official publication of the Court.

                    BY THE COURT:


                    /s/ Edward R. Becker
                    U.S. Circuit Judge


DATED: January 31, 1997